**PLANNED PARENTHOOD OF CENTRAL AND NORTHERN ARIZONA, an Arizona non-profit corporation; Planned Parenthood of Southern Arizona; Jack Bashaw, M.D., on behalf of himself, his patients, and all others similarly situated, Plaintiffs,**

v.

**The STATE OF ARIZONA; Bruce E. Babbitt, individually and as Governor of the State of Arizona; William Jamieson, individually and as Director of the Department of Economic Security; Robert K. Corbin, individually and as Attorney General of the State of Arizona, Defendants.**

**No. CIV 80–665 PHX WEC.**

United States District Court,
D. Arizona.

Feb. 8, 1982.

Dushoff & Sacks, Phoenix, Ariz., for plaintiffs.

Anthony B. Ching, Sol. Gen. of Ariz., Phoenix, Ariz., for defendants.

CRAIG, District Judge.

### ORDER

Plaintiffs are private non-profit Arizona corporations which provide a full range of family planning services, counseling for abortion procedures, and the dissemination of general abortion information. Prior to the passage of a General Fund Appropriations Bill by the Arizona State Legislature, plaintiffs had been funded in part with Federal funds, and in part with State "in kind" matching funds, under Title XX of the Social Security Act, 42 U.S.C. § 1397.

A footnote to the abovementioned Appropriations Bill prohibited state money from being given to agencies or entities which offer abortions, abortion procedures, "counseling for abortion procedures" or "abortion referrals". But for the footnote in question the plaintiffs would be fully qualified to receive a portion of the state funds.

The right to advertise and disseminate abortion information was clearly recognized in *Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975). Furthermore, counseling patients in regards to abortion procedures or abortion referrals is protected by the First Amendment. *Young Women's Christian Ass'n of Princeton, N.J. v. Kugler*, 342 F.Supp. 1048 (D.N.J.1972).

It is a well settled principle of constitutional law that governmental regulations limiting free speech rights, which seek to stifle a communication because of

its content are fundamentally at odds with the First Amendment. *Brandenburg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). Because the primary purpose of the footnote is to limit the constitutionally protected communication of abortion information, the footnote must be declared unconstitutional.

In order for the plaintiffs to continue to be eligible recipients of the state funds they must comply with the dictates of the footnote. Such compliance necessarily means that the plaintiffs would be prohibited from exercising their First Amendment right to disseminate abortion information.

It is clear from the abovementioned cases that the First Amendment prohibits the state from directly restricting the plaintiffs from engaging in "abortion counseling" or "abortion referral". By way of the footnote to the Appropriations Bill however, the State in attempting to restrict the plaintiff's freedom of speech tries to accomplish indirectly what it cannot do directly. This attempt to usher through the "back door" a result which the state could not accomplish directly was rejected by the Supreme Court in *Perry v. Sinderman* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972). There, the Court held:

> "For at least a quarter-century, this Court has made clear that even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on the basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to 'produce a result which it could not command directly.' *Speiser v. Randall*, 357 U.S. 513, 526, 78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460. Such interference with constitutional rights is impermissible."

■ Furthermore, the footnotes prohibition against "counseling for abortion procedures" is sufficiently vague to render the legislation in question void. Does "counseling" refer to the act of advocating abortion as an alternative to pregnancy and childbirth, or does it merely refer to voluntarily offering advice on abortion? If a pregnant woman seeks advice on the alternatives to pregnancy, must the plaintiffs refrain from even mentioning *abortion* as an alternative? Must the plaintiffs refrain from mentioning the abortion alternative even where an abortion may be medically necessary to save the life or preserve the health of the patient?

■ The due process clause of the Fourteenth Amendment prohibits deprivation of liberty or property without due process of law. It is well established that a "statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed.2d 888 (1939); *Connally v. General Construction Company*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

■ A vague statute is especially vulnerable to constitutional attack when it impinges upon the exercise of protected constitutional rights, such as freedom of speech. *Keyishian v. Board of Regents*, 385 U.S. 589, 604, 87 S.Ct. 675, 684, 17 L.Ed.2d 629 (1967).

In the final analysis, due to the footnote's ambiguity the plaintiffs will be forced to guess whether they are in violation of the law when they engage in an abortion related conversation with one of their clients. The danger of liability for incorrectly interpreting the footnote will undoubtedly have a chilling effect on the exercise of the plaintiff's constitutional right of freedom of speech. This the Constitution will not permit.

It is well established that a challenged statute which impinges upon a fundamental constitutional right, such as freedom of speech, will be subject to strict scrutiny by the courts and will be stricken if the infringement does not serve a compelling state interest. *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Arizona has not shown any compelling state interest which justifies the necessity of the footnote and which overrides the private rights of the individual plaintiffs.

For the reasons mentioned above, this Court declares the footnote in question to be unconstitutional and therefore the State is permanently enjoined from enforcing said footnote.